Kevin C. Baumgardner, WSBA No. 14263
Jeff Bone, WSBA No. 43965
Lucio Maldonado, WSBA No. 54279
CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, WA 98154-1051
Telephone: 206-625-8600
kbaumgardner@corrcronin.com
jbone@corrcronin.com
lmaldonado@corrcronin.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT

| | |
|---|---|
| CLAUDIA CARRILLO, a single person,<br><br>        Plaintiff,<br><br>  vs.<br><br>LAMB WESTON HOLDINGS, INC., a foreign corporation, and XYZ CORP., a foreign corporation, limited liability company, limited liability partnership, partnership, or sole proprietorship,<br><br>        Defendants. | No.<br><br>**NOTICE OF REMOVAL** |

TO:      Clerk of the Court;

AND TO:   Plaintiff above named, and his counsel of record.

      Pursuant to 28 U.S.C. §§ 1332, 1367(a), 1441, and 1446, Defendant LAMB WESTON HOLDINGS, INC., by and through its counsel of record, and without waiving any rights or defenses, hereby removes to this Court the lawsuit captioned *Claudia Carrillo v. Lamb Weston, Inc., et al.*, No. 21-2-00116-13 in

NOTICE OF REMOVAL – Page 1

the Superior Court of the State of Washington for Grant County. As grounds for removal, Defendant states as follows:

1. Plaintiff Claudia Carrillo filed this lawsuit on February 23, 2021 under Grant County Superior Court Cause No. 21-2-00116-13. A true and correct copy of the Complaint is attached to this Notice as **Exhibit A** ("Complaint").

2. Defendants were served with the Complaint and Summons on Friday, March 22, 2021. *See* Declaration of Jeff Bone ("Bone Decl."), ¶ 2. All Defendants join in this Notice of Removal.

3. The case stated by the initial pleading was not removable on a diversity basis because there was not complete diversity. Since then, Plaintiff has moved to voluntarily dismiss the unnecessary parties, and the remaining parties are in complete diversity. The Grant County Superior Court granted the voluntary dismissal on May 10, 2021. Because the voluntary dismissal established that the Parties are now in complete diversity, the case become removable on diversity grounds. Because Lamb Weston Holdings, Inc. filed its Notice of Removal within 30 days of the Grant County Superior Court's order granting voluntarily dismissal, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(3).

4. Plaintiff's Complaint avers that she was injured on or about March 5, 2018. *See* Complaint ¶ 8.

NOTICE OF REMOVAL – Page 2

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

5.  The Complaint alleges that at "all times relevant hereto, plaintiff Claudia Carrillo was a resident of Grant County, Washington." *Id.* ¶ 1.

6.  Defendant is not a citizen of the State of Washington.

7.  As averred in the Complaint, Defendant is a foreign corporation. *Id.* ¶¶ 2-7.

8.  "Where the complaint is silent as to the amount demanded, the burden is on the defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Matthiesen v. Autozone Stores, Inc.*, No. 2:15-CV-0080-TOR, 2015 WL 3453418, at *1 (E.D. Wash. May 29, 2015) (citing *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005)). In determining the amount in controversy, the court may consider whether it is "facially apparent" from the complaint that the demand exceeds $75,000. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). "If not, the court may consider facts in the removal petition, and may 'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Id.* (quoting *Singer*, 116 F.3d at 377).

9.  Plaintiff avers that she was injured when her "hand suddenly became caught in the conveyor belt / tuber processing equipment and she sustained serious injuries." Complaint ¶ 9. Plaintiff avers that Defendant is liable for her injury

NOTICE OF REMOVAL – Page 3

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

and damages under negligence and product liability theories. Complaint ¶¶ 12-16. While the Complaint does not set forth the dollar amount of damages sought, Plaintiff claims she "incurred past and future medical expenses, past and future income loss, permanent disability, impaired earning capacity, general damages for pain and suffering, including loss of enjoyment of life, and other damages, all in amounts to be proven at trial." Complaint ¶ 17.

10. Past medical expenses alone amount to $28,692.56. Bone Decl., ¶ 4.

9. Other Washington cases involving similar alleged injuries have resulted in verdicts or settlements in excess of $75,000. For example:

- *Alex Tran v. Allpak Container*, 16 N.W.P.I. Lit. Rpts. 328, 2016 WL 7241503 (2016). Plaintiff, male, age 24, palletizer. Plaintiff had been working for two months as a temporary employee at Allpak Container as a palletizer. This was a fast-paced work environment position that required Plaintiff to offload corrugated boxes from an offload line to a pallet on a SYSTEC conveyor-roller system. While palletizing one day, the pallet got stuck on the conveyor belt and Plaintiff stepped on the free moving conveyor rollers to dislodge the pallet. During the process, he slipped on the rollers, severely injuring his knee. Plaintiff brought this action claiming that the defendant failed to provide him with a safe working environment and in failing

NOTICE OF REMOVAL – Page 4

to warn him of fall hazards associated with the conveyor roller system. The defendant argued that it was plaintiff's fault for stepping on the rollers that he knew were slippery, free moving and against safety instructions. Confidential Settlement with damages of at least $628,284.  Bone Decl., **Ex. A.**

- *Javier Gonzalez v. Farmer's Electric*, N.W.P.I. Lit. Rpts. 92, 2002 WL 737007 (2002). Plaintiff, male, worked in Othello, Washington at the Target AG onion processing and packaging plant. Just prior to the subject incident, Plaintiff contended he had been instructed by his supervisor to scrape onion residue from a conveyor roller while the system was shut down for repair. Plaintiff did as he was told and was positioned just below the conveyer belt, working on the belt approximately 2-4 minutes when, without any warning to Plaintiff, the machine was suddenly started. Because of the location of the electrical control panel, Plaintiff's supervisor could not readily see Plaintiff from the supervisor's position when the supervisor turned the conveyor back on. No warning alarm sounded prior to the conveyor starting. Plaintiff's left arm was trapped in the belt and drawn into the large metal roller, and was forcibly amputated at the

NOTICE OF REMOVAL – Page 5

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

elbow. Plaintiff's arm was held together at the elbow by only skin and a bit of muscle. $790,000 Settlement. Bone Decl., **Ex. B.**

10. In light of the alleged severity of Plaintiff's injuries which include permanent physical and mental/emotional components, and in light of other verdicts and settlements in other Washington litigations involving similar alleged injuries, Defendant has proved by a preponderance of the evidence that Plaintiff's alleged damages are in excess of the jurisdictional amount set forth in 28 U.S.C. § 1332(a).

11. Accordingly, this action is subject to removal to this Court pursuant to 28 U.S.C. §§ 1441(b)(3) and 1332 based on diversity jurisdiction.

12. Venue is appropriate in the Eastern District of Washington at Spokane, because the Superior Court of the State of Washington for Grant County is located within this judicial district and division. *See* 28 U.S.C. §§ 128(b), 1441(a).

13. A copy of this Notice of Removal is being served on this date on counsel for Plaintiff pursuant to 28 U.S.C. § 1446(d). Bone Decl., ¶ 5.

14. A copy of this Notice of Removal is also being filed this date with the Clerk of the Superior Court of the State of Washington for Grant County, and notice of removal provided therewith pursuant to 28 U.S.C. § 1446(d). Bone Decl., ¶ 6.

NOTICE OF REMOVAL – Page 6

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

15. By this Notice of Removal, Defendant does not waive and hereby expressly reserve any defenses it may have, including but not limited to any defenses that may be asserted pursuant to Rule 12 of the Federal Rules of Civil Procedure.

DATED this 18th day of May, 2021.

CORR CRONIN LLP

 s/ Kevin C. Baumgardner
Kevin C. Baumgardner, WSBA No. 14263
Jeff Bone, WSBA No. 43965
Lucio Maldonado, WSBA No. 54279
1001 Fourth Avenue, Suite 3900
Seattle, WA  98154-1051
Telephone: 206-625-8600
Facsimile: 206-625-0900
Email:    kbaumgardner@corrcronin.com
             jbone@corrcronin.com
             lmaldonado@corrcronin.com

*Attorneys for Defendant*

NOTICE OF REMOVAL – Page 7

CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

# CERTIFICATE OF SERVICE

I hereby certify that on May 18 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Patrick R. West, WSBA No. 41949
>Thomas J. West, WSBA No. 5857
>West Law Firm, P.S.
>524 Tacoma Avenue South
>Tacoma, WA  98402
>(253) 383-4704
>patrick@westlawtacoma.com
>tom@westlawtacoma.com

*Attorneys for Plaintiff*

>*s/ Kevin C. Baumgardner*
>Kevin C. Baumgardner, WSBA No. 14263
>CORR CRONIN LLP
>1001 Fourth Avenue, Suite 3900
>Seattle, WA  98154-1051
>Telephone: 206-625-8600
>Facsimile: 206-625-0900
>kbaumgardner@corrcronin.com

NOTICE OF REMOVAL – Page 8

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1338 00014 ld142g28j1

EXHIBIT A

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR GRANT COUNTY

| | |
|---|---|
| CLAUDIA CARRILLO, a single person,<br><br>Plaintiff,<br><br>v.<br><br>LAMB WESTON, INC., a foreign corporation, LAMB WESTON SALES, INC., a foreign corporation, LAMB WESTON HOLDINGS, INC., a foreign corporation, LAMB WESTON BSW, LLC, a foreign limited liability company, LAMB WESTON/MIDWEST, INC., a domestic corporation, and XYZ CORP., a foreign corporation, limited liability company, limited liability partnership, partnership, or sole proprietorship,<br><br>Defendants. | NO. 21-2-00116-13<br><br>COMPLAINT FOR DAMAGES |

COMES NOW Plaintiff Claudia Carrillo and for complaint alleges:

PARTIES, JURISDICTION AND VENUE

1. At all relevant times hereto, plaintiff Claudia Carrillo was a resident of Grant County, Washington.

COMPLAINT FOR DAMAGES - 1

West Law Firm, P.S.
524 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-4704

2.	At all relevant times hereto, defendant Lamb Weston, Inc. was a foreign corporation, doing business in Grant County, Washington. The defendant owned and/or operated a facility in Grant County, Washington that utilized conveyor belts and tuber processing equipment, and also designed, tested, manufactured, promoted, distributed and/or sold throughout the nation and within the state of Washington conveyor belts and tuber processing equipment.

3.	At all relevant times hereto, defendant Lamb Weston Sales, Inc. was a foreign corporation, doing business in Grant County, Washington. The defendant owned and/or operated a facility in Grant County, Washington that utilized conveyor belts and tuber processing equipment, and also designed, tested, manufactured, promoted, distributed and/or sold throughout the nation and within the state of Washington conveyor belts and tuber processing equipment.

4.	At all relevant times hereto, defendant Lamb Weston Holdings, Inc. was a foreign corporation, doing business in Grant County, Washington. The defendant owned and/or operated a facility in Grant County, Washington that utilized conveyor belts and tuber processing equipment, and also designed, tested, manufactured, promoted, distributed and/or sold throughout the nation and within the state of Washington conveyor belts and tuber processing equipment.

5.	At all relevant times hereto, defendant Lamb Weston BSW, LLC was a foreign limited liability corporation, doing business in Grant County, Washington. The defendant owned and/or operated a facility in Grant County, Washington that utilized conveyor belts and tuber processing equipment, and also designed, tested, manufactured,

West Law Firm, P.S.
524 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-4704

promoted, distributed and/or sold throughout the nation and within the state of Washington conveyor belts and tuber processing equipment.

6. At all relevant times hereto, defendant Lamb Weston/Midwest, Inc. was a domestic corporation, doing business in Grant County, Washington. The defendant owned and/or operated a facility in Grant County, Washington that utilized conveyor belts and tuber processing equipment, and also designed, tested, manufactured, promoted, distributed and/or sold throughout the nation and within the state of Washington conveyor belts and tuber processing equipment.

7. At all relevant times hereto, defendant XYZ, Corp. was a foreign corporation, doing business in Grant County, Washington. The defendant designed, tested, manufactured, promoted, distributed and/or sold throughout the nation and within the state of Washington conveyor belts and tuber processing equipment.

## FACTUAL ALLEGATIONS

8. On or about March 5, 2018, Claudia Carrillo was performing work for AG World Support Systems at the Lamb Weston raw receiving / processing facility in Quincy, WA Grant County that was owned and/or maintained by defendant Lamb Weston, Inc., Lamb Weston Sales, Inc., Lamb Weston Holdings, Inc., Lamb Weston BSW, LLC, and/or Lamb Weston/Midwest, Inc.

9. As Claudia was inspecting potatoes on a conveyor belt at the facility, her hand suddenly became caught in the conveyor belt / tuber processing equipment and she sustained serious injuries.

COMPLAINT FOR DAMAGES - 3

West Law Firm, P.S.
524 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-4704

10. At the time of the incident, defendants had removed and/or failed to provide proper safety guards for the subject conveyor belt / tuber processing equipment used by the plaintiff.

11. Defendants also negligently designed, tested, manufactured, labeled, distributed, marketed and promoted the subject conveyor belt / tuber processing equipment.

## FIRST CLAIM
### Negligence

12. Defendants committed negligent acts, including but not limited to removing and/or failing to provide safety guards on the subject conveyor belt / tuber processing equipment used by the plaintiff. Defendants also failed to properly warn the plaintiff of the created hazard. As a proximate result of defendants' negligence, the plaintiff has been damaged in amounts to be determined at time of trial.

13. Defendants negligently designed, tested, manufactured, labeled, distributed, marketed and/or promoted the subject conveyor belt / tuber processing equipment. As a proximate result of their negligence, the plaintiff has been damaged in amounts to be determined at time of trial.

## SECOND CLAIM
### Strict Product Liability

14. The subject conveyor belt / tuber processing equipment was defective, unsafe, and unreasonably dangerous for its intended purpose when it left defendants' control.

COMPLAINT FOR DAMAGES - 4

West Law Firm, P.S.
524 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-4704

15. The acts and/or omissions of defendants violated the Revised Code of Washington (RCW) 7.72 et seq., including, but not limited to the manufacture, distribution, design, testing, promotion, and/or sale of the subject conveyor belt / tuber processing equipment within the state of Washington.

16. As a proximate result of the use of defendants' unreasonably dangerous product, the plaintiff has been damaged in amounts to be determined at time of trial.

## DAMAGES

17. As a proximate result of defendants' foregoing negligence and acts and/or omissions, the plaintiff has incurred past and future medical expenses, past and future income loss, permanent disability, impaired earning capacity, general damages for pain and suffering, including loss of enjoyment of life, and other damages, all in amounts to be proven at the time of trial.

WHEREFORE, plaintiff prays for judgment against defendants, for damages as alleged, plus costs.

DATED this 23rd day of February, 2021.

WEST LAW FIRM, P.S.

By: _____
Patrick R. West, WSBA #41949
Thomas J. West, WSBA #5857
Attorneys for Plaintiff

COMPLAINT FOR DAMAGES - 5